IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(CLEVELAND)

| | |
|---|---|
| TIMOTHY SCHWARZMANN <br> c/o Tittle & Permlmuter <br> 4106 Bridge Avenue <br> Cleveland, Ohio 44113 <br><br> *On Behalf of Himself and* <br> *All Others Similarly situated* <br><br> PLAINTIFF, <br><br> v. <br><br> GOVERNMENT EMPLOYEES <br> INSURANCE COMPANY <br> D/B/A GEICO <br> 5260 Western Avenue <br> Chevy Chase, Maryland 20815 <br><br> DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*************************************************************************

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff Timothy Schwarzmann ("Plaintiff"), individually and on behalf of all similarly situated employees described below, brings this Class and Collective action lawsuit against Government Employees Insurance Company d/b/a GEICO (collectively "GEICO"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") Ohio Revised Code §§ 4111.03 and 4113.15, and Ohio's common law. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of North Carolina.

2. By acting as the named Plaintiff in this action, Plaintiff hereby consents in the writing of the heading of this Complaint to act as a Class Action Class Representative and

participate as a Plaintiff in an FLSA Collective Action. *See* Plaintiff FLSA Consent Form attached hereto as Exhibit 1.

3. GEICO is a corporation formed under the laws of the State of Nebraska.

4. At all times relevant to this action, GEICO has maintained its principal place of business in Chevy Chase, Maryland.

5. At all times relevant to this action, GEICO has operated substantially and continuously within Cuyahoga County, throughout the State of Ohio, and in each of the 50 States of the United States.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA and properly confers supplemental jurisdiction over alleged common and interrelated state law claims seeking recovery of unpaid wages and damages under Ohio law.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. GEICO is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

9. At all times relevant, GEICO was Plaintiff's employer and the employer of all other similarly situated Automobile and/or Residential and/or Catastrophic Damage Adjusters 1 and/or II and/or III ("hereinafter, "Adjusters") as defined by the FLSA and applicable Ohio law.

## FACTS

10. During the period of about 2001 through about August 27, 2021, Plaintiff was employed by GEICO as an Adjuster.

11. While employed, Plaintiff primarily performed his duties within the State of Ohio and in or around Cuyahoga County, and within the geographical jurisdiction of this Court.

12. While employed, Plaintiff typically and customarily performed compensable job duties for the benefit of GEICO Monday through Friday, and as needed on weekends.

13. While employed, Plaintiff typically and customarily worked about 10-12 hours per day and approximately 50-60 hours per week.

14. During the period of Plaintiff's employment, other Adjusters employed by GEICO within the State of Ohio typically and customarily performed compensable job duties for the benefit of GEICO Monday through Friday, and as needed on weekend.

15. During the period of Plaintiff's employment, other Adjusters employed by GEICO within the State of Ohio typically and customarily worked between 8-12 hours per day and between 40-60 hours per week.

16. During the relevant period, Plaintiff did not cease performing his compensable work duties for the benefit of GEICO during workdays for a 45-minute meal period, or a *bona fide* meal period of any significant length.

17. During the period of Plaintiff's employment, other Adjusters employed by GEICO within the State of Ohio did not cease performing their compensable work duties for the benefit of GEICO during workdays for a 45-minute meal period, or a *bona fide* meal period of any significant length.

18. During the period of Plaintiff's employment, GEICO paid Plaintiff and other GEICO Adjusters performing work duties in Ohio a flat weekly salary or at an hourly rate designed and intended to compensate Plaintiff and the other Adjusters for 7.75 hours per day or 38.75 hours per week (8:00 AM – 4:30 PM, with no wages paid for a 45-minute meal period = 7.75 hours per day) * 5 days per week = 38.75 hours per week).

19. During the period of Plaintiff's employment, GEICO directed Plaintiff and other GEICO Adjusters performing duties in Ohio to record only 7.75 hours of compensable time per day on employee time records to ensure overtime and, by extension, time-and-one-half overtime wages would not be due and owing to non-exempt employees like Plaintiff and other GEICO Adjusters performing duties in Ohio.

20. Through GEICO's company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured Plaintiff and other GEICO Adjusters performing work duties in Ohio to customarily enter 7.75 hours of compensable time per day notwithstanding that Plaintiff and other GEICO Adjusters performing work duties in Ohio regularly and customarily worked more than 8 hours per day and, by extension, more than 40 hours per week.

21. During the period of Plaintiff's employment, GEICO instructed the supervisors for Plaintiff and GEICO Adjusters performing work duties in Ohio to inform Plaintiff and other GEICO Adjusters performing duties in Ohio that 7.75 hours per day was sufficient if Plaintiff and other GEICO Adjusters in Ohio were working hard and doing their job. This policy and strategy resulted in the logical conclusion that if Plaintiff or other GEICO Adjuster in Ohio advised supervisors they worked more than 7.75 hours in a day, the additional working hours evinced poor work performance. Thus, GEICO created a company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for Plaintiff and GEICO Adjuster performing duties in Ohio' career to stay quiet and allow GEICO to steal their hours/wages rather than speak up and record their additional compensable work hours, for fear of risking a poor workplace reputation, negative performance reviews, and additional negative workplace consequences.

22. During the period of Plaintiff's employment, GEICO had actual knowledge employee complaints, text messages, emails, internal employee chat or messaging programs, VPN Data, phone monitoring, claims management systems, employee surveys, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate and that Plaintiff and other GEICO Adjusters working in Ohio regularly and customarily worked more than eight (8) hours per day and more than forty (40) hours per week.

23. During the period of Plaintiff's employment, GEICO had actual or constructive knowledge and otherwise suffered or permitted Plaintiff and other GEICO Adjusters performing work in Ohio to perform compensable work duties over eight (8) hours per day and more than forty (40) hours per week.

24. On some occasions, GEICO approved Plaintiff and/or other GEICO Adjusters working in Ohio for compensable work exceeding 7.75 hours per day and/or 38.75 hours per week. These instances customarily occurred only when GEICO expressly directed Plaintiff or other Adjusters to service additional GEICO customers. In these instances, GEICO paid Plaintiff and/or other Adjusters for some, but not all compensable hours worked.

25. During the period of Plaintiff's employment, GEICO had actual knowledge that it was obligated under the FLSA and Ohio law to track and record Plaintiff and other Ohio Adjuster's compensable hours accurately and with precision.

26. During the period of Plaintiff's employment, GEICO had actual knowledge that its failure to track and record Plaintiff and other GEICO Adjusters working in Ohio' compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA and Ohio law record keeping requirements.

27. During the period of Plaintiff's employment, GEICO had actual knowledge that it was obligated to pay Plaintiff and other GEICO Adjusters in Ohio all wages due and owing for all hours Plaintiff and other GEICO Adjusters in Ohio worked each week and pay Plaintiff and other GEICO Adjusters in Ohio overtime wages at the time-and-one-half rate for overtime Plaintiff and other Adjusters worked over forty (40) hours each week.

28. During the period relevant to this action, GEICO had actual knowledge that its failure to pay Plaintiff and other GEICO Adjusters working in Ohio all wages due and owing for all hours Plaintiff and other Adjusters worked each week and its failure to pay Plaintiff and other GEICO Adjusters in Ohio overtime wages at the time-and-one-half rate for overtime Plaintiff and other Adjusters worked over forty (40) hours each week was in direct violation of GEICO's FLSA and Ohio wage payment and overtime compensation obligations.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings his Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees (the "Putative Opt-Ins").

30. The Putative Opt-Ins, for purposes of the FLSA collective action claims, include all non-exempt GEICO Adjusters who work or have worked for GEICO in Ohio at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

31. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and the Putative Opt-Ins.

32. Plaintiff requests that he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

# OHIO CLASS ACTION ALLEGATIONS

33. Plaintiff also bring his state law counts, Counts II through IV, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Class of similarly situated GEICO Adjusters performing work duties in Ohio (the "Ohio Class"), for relief to redress and remedy GEICO's wage payment and overtime compensation violations of the Ohio Rev. Code § 4111.03, Ohio's Prompt Pay Act § 4113.15, and/or Ohio's common law of unjust enrichment.

34. Pursuit of these claims as a class action will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and the Ohio Class Members.

35. The Ohio Class is defined as all non-exempt GEICO Adjusters working within the State of Ohio at any time within the two (2) year period prior to the filing of this lawsuit.

36. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of Ohio Class Members is unknown to the Plaintiff at this time, upon information and belief, the number exceeds fifty (50) persons.

37. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually. Those common questions include:

   a. Whether Defendant required Plaintiff and other Ohio Class Members to perform unpaid work.

   b. Whether Defendant knew or should have known that Ohio Class Members were working off-the-clock, but still failed to pay them.

   c. Whether Defendant violated Ohio law by failing timely to pay Ohio Class Members for all hours worked on a semi-monthly

basis, and never rectifying that failure to pay in a timely manner.

  d. Whether Defendant deprived Plaintiff and other Ohio Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

  e. Whether Defendant knowingly retained the benefit of uncompensated time worked by Ohio Class Members.

38. The claims of the Plaintiff are typical of the claims of the Ohio Class Members and the relief sought by the Plaintiff is typical of the relief which would be sought by each of the Ohio Class Members in separate actions.

39. All Ohio Class Members were subject to the same common and class-wide unlawful compensation practices perpetrated by GEICO, as alleged herein.

40. GEICO's common and class-wide unlawful compensation policies and practices affected and caused damages to the Plaintiff and all Ohio Class Members similarly.

41. Plaintiff and the Ohio Class Members sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by GEICO.

42. Plaintiff can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Plaintiff and any of the Ohio Class Members.

43. Plaintiff have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

44. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Ohio Class Members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their

common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Ohio Class Members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Ohio Class Members to redress the wrongs done to them.

45. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for GEICO, and resulting in the impairment of Ohio Class Members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

46. GEICO violated wage payment laws and contractual wage payment obligations. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide Ohio Class Members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing risk.

## COUNT I
## VIOLATION OF THE FLSA'S OVERTIME COMPENSATION MANDATE

47. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

48. Pursuant to the FLSA, employers must pay non-exempt employees such as Plaintiff and the Putative Opt-Ins at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

49. As set forth above, GEICO failed to pay Plaintiff and the Putative Opt-Ins at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime Plaintiff and the Putative Opt-Ins worked over 40 hours per week.

50. GEICO had actual knowledge that its failure to pay Plaintiff and the Putative Opt-Ins at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Plaintiff and the Putative Opt-Ins' FLSA overtime compensation rights.

51. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

52. Plaintiff and the Putative Opt-Ins seek to recover from GEICO of the following damages:

   a. Unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;

   b. Statutory liquidated damages;

   c. Attorneys' fees and costs; and

   d. All other legal and equitable relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF O.R.C. § 4111.03

53. Plaintiff re-alleges and reasserts each allegation set forth in the paragraphs above as if each were set forth herein.

54. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself and the Ohio Class Members.

55. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

56. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its Ohio Adjusters when due.

57. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

58. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT III
## VIOLATION OF O.R.C. § 4113.15

59. Plaintiff re-alleges and reasserts each allegation set forth in the paragraphs above as if each were set forth herein.

60. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the

fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

61. Defendant failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT IV
## COMMON LAW UNJUST ENRICHMENT

62. Plaintiff re-alleges and reasserts each allegation set forth in the paragraphs above as if each were set forth herein.

63. Plaintiff and the Ohio Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

64. Defendant knew they were receiving a benefit by retaining and utilizing Plaintiff's and the Ohio Class Members' labor while providing no compensation. Defendant intentionally designed their compensation structure so as to obtain that benefit for itself.

65. Defendant obtained the benefit of Plaintiff's and the Ohio Class Members' labor under circumstances in which it would be unjust for Defendant to do so without payment.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, on his own behalf and all those similarly situated GEICO Adjusters that perform or performed work duties within the State of Ohio, prays that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiff as the representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under Fed. R. Civ. P. 23 and designate Plaintiff as the representatives on behalf of all Ohio Class Members;

3. Award Plaintiff and all those similarly situated Collective Action Opt-Ins and Ohio Class Members actual damages in the amount of all wages found due to Plaintiffs and other Collective Action Opt-Ins and Ohio Class Members and an award of liquidated damages as provided by the FLSA and Ohio law.

4. Award Plaintiff and all those similarly situated Collective Action Opt-Ins and Ohio Class Members pre- and post-judgment interest at the statutory rate;

5. Award Plaintiff and all those similarly situated Collective Action Opt-Ins and Ohio Class Members attorneys' fees, costs, and disbursements; and

6. Award Plaintiff and all those similarly situated Collective Action Opt-Ins and Ohio Class Members further legal and/or equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,

Dated: December 2, 2021

TITTLE & PERLMUTER

*/s/ Scott Perlmuter*
Scott D. Perlmuter (Ohio Bar No.: 0082856)
4106 Bridge Avenue
Cleveland, Ohio 44113
(216) 308-1522 (Phone)
E-mail: Scott@TittleLawFirm.Com

ZIPIN, AMSTER, & GREENBERG, LLC

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg (MD Fed. Bar No. 17291)
(To Be Admitted Pro Hac Vice)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

(301) 587-9373 (Phone)
Email: GGreenberg@ZagFirm.com

*Counsel for Plaintiff and the Class / Collective*