UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OHIO
(CLEVELAND)

| | |
|---|---|
| TIMOTHY SCHWARZMANN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOVERNMENT EMPLOYEES )<br>INSURANCE COMPANY, )<br>d/b/a GEICO, )<br>)<br>Defendant. )<br>) | Case No. 1:21-CV-02270-PAB<br><br>JUDGE PAMELA A. BARKER |

### JOINT MOTION TO APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT

The above captioned parties jointly move for approval of the attached Settlement Agreement (Exhibit 1) with respect to the Plaintiffs located in this judicial district, and in support of this Motion state as follows:

### MEMORANDUM IN SUPPORT

The above captioned parties have reached an overall Settlement Agreement covering five (5) Fair Labor Standards Act ("FLSA") collective actions:

*Erford v. Government Employees Insurance Company*, United States District Court for the Eastern District of North Carolina, Civil No. 5:21-cv-00314-M. ("the *Erford* Matter")

*Hart v. Government Employees Insurance Company*, United States District Court for the Middle District of Pennsylvania, Civil No. 4:21-cv-00859-MWB. ("the *Hart* Matter")

*Russo v. Government Employees Insurance Company*, United States District Court for the District of New Jersey, Civil No. 2:21-cv-17234-MEF-JBC. ("the *Russo* Matter")

*Schwarzmann v. Government Employees Insurance Company*, United States District Court for the Northern District of Ohio, Civil No. 1:21-cv-02270-PAB. ("the *Schwarzmann* Matter")

*Zambito v. Government Employees Insurance Company*, United States District Court for

1

the Middle District of Florida, Civil No. 8:21-cv-02223-MSS-SPF. ("the *Zambito* Matter")

Because FLSA releases are not effective absent Department of Labor or Court approval, the parties are filing identical motions for approval in the cases listed above. The Settlement Agreement provides that it is not effective unless all Courts approve it.

Although some courts have started to hold that judicial approval of FLSA settlements is not required, most follow *Lynn's Food Stores v. U.S.*, 679 F.3d 1350 (11th Cir. 1982).[1] *Lynn*'s holds that settlements are permissible when negotiated in "an adversarial context," by an attorney "who can protect [employees'] rights under the statute," and when the settlement reflects "a reasonable compromise of disputed issues."[2] Under those conditions, settlements can be approved "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Those conditions are present here.

---

[1] *Morales v. Unique Beginning Caterers Ltd. Liab. Co.*, 2021 U.S. Dist. LEXIS 236744, 2021 WL 5864061, at *1 (D.N.J. 2021) ("Where, as here, the district court is asked to approve a settlement agreement, it must ensure that the parties' compromise: (i) is "fair and reasonable"; and (ii) resolves "a bona fide dispute over FLSA provisions."); *see also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("[U]nder the FLSA, . . . there is a judicial prohibition against the unsupervised waiver or settlement of claims.")

[2] "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887 at *2 (S.D. Ohio 2011) (citing *Lynn's,* 679 F.2d at 1352-53. To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. V. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, 2015 U.S. Dist. LEXIS 129506, at *1 (S.D. Ohio 2015). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna v. Emery Fed. Credit Union*, 2016 U.S. Dist. LEXIS 166605, at *3 (S.D. Ohio 2016).

2

**Plaintiffs were represented by capable counsel.**

In all the cases, the Plaintiffs are Auto Damage Adjusters who allege that they worked off the clock for GEICO.  Lead counsel in all the cases is Zipin, Amster & Greenberg, LLC, a Maryland firm with extensive experience in FLSA cases.  The firm has litigated hundreds of FLSA cases.  It was successful in obtaining conditional certification of the collectives in all five cases.

**The settlement was reached in an adversarial context.**

There are currently 91 named and opt-in Plaintiffs in all cases combined.  In two of the cases, *Hart* and *Russo* discovery is complete.  In those two cases, Plaintiffs have taken extensive discovery concerning GEICO policies, practices and records that is equally applicable to the other cases.  In the other cases, there has been some discovery and Plaintiffs' counsel have conducted more than enough investigation to engage in well-informed settlement negotiations.

The settlement agreement is the result of protracted and hard arm's length bargaining.  In the *Hart* case, an unsuccessful mediation was conducted on August 22, 2022, by Magistrate Judge Karoline Mehalchick, of the Middle District of Pennsylvania.  Later, the parties retained retired federal Judge Alexander Williams, formerly of the District of Maryland, to mediate all five cases.  That mediation, held January 10, 2023, also was unsuccessful.  Ultimately, counsel for the parties negotiated the settlement in an in-person meeting and a series of follow up telephone calls and emails.  During these negotiations, Plaintiffs' counsel obtained express and voluntary settlement authority from  each individual named plaintiff and each individual opt-in plaintiff.  The portion of the total settlement amount allocable to attorneys' fees and costs was not determined until after the amount payable to Plaintiffs had been determined.

**The settlement is a reasonable compromise of disputed issues.**

The agreement reached is a reasonable compromise of highly disputed claims. Plaintiffs'

3

primary duty was to write estimates on damaged vehicles. They inspected vehicles in the field, at body shops and at home. They worked outside the presence of their supervisors and recorded their own time in the Company's timekeeping system. They reported and were paid for different amounts of overtime.

The disputed issues concerned the Plaintiffs' claim that they did not report all their overtime, because doing so would adversely affect their productivity rating, which is one part of their performance evaluation. In defense, GEICO asserted that Plaintiffs were instructed to accurately report their time, that no one told them to work off-the-clock, and that they reported and were paid for significant amounts of overtime. That raised the question, GEICO submitted, if they reported some of their overtime, how would their supervisor know they did not report other overtime? As a matter of law, GEICO asserted, it was not required to audit electronic records of Plaintiffs' work activity, such as claims files or emails, to see if employees were reporting all their time.

Plaintiffs, by contrast, alleged and affirmed throughout discovery that GEICO knowingly suffered or permitted Plaintiffs to perform off-the-clock compensable work duties, including work duties resulting in Plaintiffs performing overtime work exceeding forty (40) hours per week. Plaintiffs, however, recognized that notwithstanding their contention that that GEICO generally had knowledge or suffered or permitted Plaintiffs' performance of off-the-clock compensable work duties, the quantification of the amount of uncompensated work each Plaintiff worked on a daily or weekly basis was difficult to determine or prove with accuracy, *to wit*, Plaintiffs recognized a substantial risk of that even if Plaintiffs could prove GEICO's underlying liability, the extent of alleged back wages owed to each Plaintiff was at best, uncertain.

Absent settlement, the cases would have resulted in substantially more discovery and

litigation, and delay in resolution. At the close of discovery, GEICO intended to move for decertification of the collective actions and GEICO and Plaintiffs intended to move for summary judgment and/or partial summary judgment on the issue of liability. If not resolved at those stages, the cases could have gone on to trial and appeals.

The total settlement amount is allocated to payments to Plaintiffs and costs and attorneys' fees. The payments to the Plaintiffs are prorated based on their length of service within the applicable FLSA and corresponding state limitations period. In addition, Lead Plaintiffs Susan Hart, Candace Erford, Timothy Schwarzmann, Brian Russo, and Ryan Zambito's individual settlement recoveries include a modest service award of Five Thousand Dollars ($5,000.00) for their efforts to initiate the case, participate in discovery and represent the opt-in Plaintiffs, and in exchange for additional non-monetary consideration provided by way of executing the attached Agreement.

As noted above, the Parties negotiated GEICO's payment of attorney's fees and litigation costs through arms-length agreement after the Parties reached an underlying agreement as to the settlement sum payable to the Plaintiffs. Plaintiffs' counsel represented Plaintiffs on a contingency basis wherein Plaintiffs' counsel's fees would recover attorney's fees in the amount of the higher 40% of the gross settlement or Plaintiffs' counsel's lodestar, as agreed to separate and apart from Plaintiffs' portion by settlement or through Order of the Court. Here, Plaintiffs' counsel elected to resolve Plaintiffs' claims and, separate and apart, negotiate payment of Plaintiffs' counsel's fees and costs directly with GEICO. The result of this negotiation was, to ensure that each Plaintiff and opt-in Plaintiff received a fair and reasonable settlement recovery in an amount he or she authorized, Plaintiffs' counsel agreed to a fee and cost recovery substantially less than Plaintiffs' counsel's actual lodestar recovery in each action. Plaintiffs' counsel's election to accept a lesser

5

attorney's fees recovery was in consideration of the above-described factors favoring settlement of the litigation and because Plaintiffs' counsel believed it was in the best interest of Plaintiffs and Plaintiffs' counsel. *See* Declaration of Plaintiffs' Counsel Gregg C. Greenberg attached hereto as Exhibit 2.

Finally, the Settlement Agreement does not contain any questionable terms. In particular, it does not contain a confidentiality clause or an overbroad release. The release for opt-in Plaintiffs is limited to wage-hour claims. In exchange for the service award, the Lead Plaintiffs have agreed to general releases.

## CONCLUSION

For the foregoing reasons, the parties jointly request that the Court approve the attached settlement agreement and order that the case be dismissed with prejudice. A proposed order is attached.

By: */s/ Gregg C. Greenberg (with permission)*
Hillary Schwab, Esq,
Fair Work P.C.
192 South Street, Suite 450
Boston, MA 02111
Scott D. Perlmuter
Tittle & Perlmuter
4106 Bridge Avenue
Cleveland, OH 44113
Scott@TittleLawFirm.com

Gregg C. Greenberg
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
GGreenberg@ZAGFirm.com

*Attorneys for Plaintiffs*

By: */s/ Lindsey A. White*
Brian J. Kelly (0063679)
Andrew J. Cleves (0089680)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH 44114
216-515-1660 – Telephone
216-515-1650 – Facsimile
bkelly@frantzward.com
acleves@frantzward.com

and

Eric Hemmendinger (admitted *pro hac vice*)
Lindsey A. White (admitted *pro hac vice*)
**SHAWE ROSENTHAL LLP**
One South Street
Suite 1800
Baltimore, MD 21202
(410) 752-1040
eh@shawe.com
law@shawe.com


*Attorneys for Defendant Government Employees Insurance Company, Inc. d/b/a GEICO*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2023, I caused the foregoing to be served via ECF upon:

>Scott D. Perlmuter
>Tittle & Perlmuter
>4106 Bridge Avenue
>Cleveland, OH 44113
>Scott@TittleLawFirm.com
>
>Gregg C. Greenberg
>Zipin, Amster & Greenberg, LLC
>8757 Georgia Avenue, Suite 400
>Silver Spring, MD 20910
>GGreenberg@ZAGFirm.com
>
>*Attorneys for Plaintiffs*

                                              */s/ Lindsey A. White*
                                              Lindsey A. White