# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement is made between the Plaintiffs in the below listed cases and Government Employees Insurance Company ("the Company").

*Hart v. Government Employees Insurance Company*, United States District Court for the Middle District of Pennsylvania, Civil No. 4:21-cv-00859-MWB.

*Russo v. Government Employees Insurance Company*, United States District Court for the District of New Jersey, Civil No. 2:21-cv-17234-MEF-JBC.

*Erford v. Government Employees Insurance Company*, United States District Court for the Eastern District of North Carolina, Civil No. 5:21-cv-00314-M.

*Schwarzmann v. Government Employees Insurance Company*, United States District Court for the Eastern District of Ohio, Civil No. 1:21-cv-02270-PAB.

*Zambito v. Government Employees Insurance Company*, United States District Court for the Middle District of Florida, Civil No. 8:21-cv-02223-MSS-SPF.

The parties agree as follows:

1. Payment to Plaintiffs.

1.1 In consideration for the release of claims herein, and the other promises made in this Agreement, the Company will pay the total amount of eight hundred and five thousand dollars ($805,000.00) ("Settlement Amount"). **Exhibit A** sets forth the allocations to Plaintiffs from the Settlement Amount totaling four hundred and forty-two thousand and five hundred dollars ($442,500.00). The Company will issue Plaintiffs two checks each. One check will be for alleged unpaid wages, minus appropriate tax withholdings and deductions, for which the Company will issue an IRS Form W-2. The other check will be for liquidated damages for which the Company will also issue an IRS Form 1099. The Company will issue another check in the amount of three hundred and sixty-two thousand and five hundred dollars ($362,500.00) made payable to Zipin, Amster & Greenberg, LLC, for the payment of alleged attorneys' fees and costs incurred in connection with the Lawsuits. Plaintiffs' Counsel will determine the division of fees among their firms.

1.2 The administration of this settlement shall be as follows:

A. The lead Plaintiffs and the Company will sign this Agreement. The lead Plaintiffs are Susan Hart, Brian Russo, Candace Erford, Timothy Schwarzmann and Ryan Zambito.

B. The parties will jointly move for approval of the settlement and dismissal

with prejudice of the Lawsuits by all five Courts listed above.

C. Upon receipt of the last approval and dismissal with prejudice, counsel for Plaintiffs shall obtain, via Docusign or similar service, signed releases **(Exhibit B)** from all Plaintiffs who have not previously signed a release. Plaintiffs shall have 30 days from issuance to return signed releases. At the end of the 30 days, counsel for Plaintiffs shall provide all signed releases to the Company.

D. Counsel for Plaintiffs shall also provide to the Company W-9 forms for all Plaintiffs.

E. Within 10 working days after counsel for Plaintiffs provides all signed releases and W-9 forms to the Company, the Company shall deliver checks payable to all Plaintiffs who have signed releases and provided W-9 forms, in the amounts described herein, to Plaintiffs' counsel for distribution to Plaintiffs. At that time, the Company shall also deliver the check for attorney's fees and costs to Plaintiff's counsel If releases and W-9 forms are received after the 30 day period described in subsection C above, the corresponding checks shall be delivered within 10 working days of receipt of releases and W-9 forms by the Company.

1.3 For purposes of the Company's profit sharing plan, pension plan, 401(k) plan or any other benefit or retirement program, payments made under this Agreement are not intended to and will not (1) form the basis for additional contributions, benefits or monetary entitlements, (2) count as earning or compensation, or (3) otherwise be considered or applied.

2. Dismissal. Within seven (7) days after all the lead Plaintiffs execute this Agreement and no later than fourteen (14) days from the date this Agreement is transmitted to lead Plaintiffs, the Parties shall file Joint Motions for Approval of Settlement Agreement and Dismissals with Prejudice and Proposed Orders in each of the Lawsuits. Plaintiffs represent and warrant that they will not unreasonably delay this process and have every intention of cooperating in ensuring that the Settlement Agreements are approved and that the Lawsuits are dismissed with prejudice. In the event that any Court does not approve the settlement as set forth in this Agreement, the Agreement shall be null and void, and the settlement payments set forth in Paragraph 1.1 will not be made by the Company.

3. Warranty. Other than the Lawsuits, Plaintiffs warrant they have contacted no governmental agency for the purpose of initiating a claim against the Released Parties based on the Released Claims or reporting potential legal violations by the Released Parties based on the Released Claims. Plaintiffs also agree not initiate, join, or continue any lawsuit, administrative charges or complaints, arbitrations, or proceedings against the Released Parties based on the Released Claims. If Plaintiffs are made members or representatives of a class in any proceeding against the Released Parties based on the Released Claims, they agree to opt out of the class immediately.

4. Indemnification by Plaintiffs and No Representation Regarding Tax Issues. Plaintiffs agree to fully indemnify and hold Company harmless from payment of any and all taxes, interest or penalties that may be required of Plaintiffs by any government agency at any time as a result of any payments under this Agreement. Plaintiffs acknowledge and agree that Plaintiffs have not received tax advice from Company or its counsel regarding the Settlement Amount. Plaintiffs agree to seek tax advice to the extent Plaintiffs so desire. Plaintiffs further acknowledge that neither Company nor its attorneys have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid pursuant to this Agreement.

5. Release.

5.1 General Release for Lead Plaintiffs. Lead Plaintiffs, on behalf of themselves, their heirs, executors, administrators, attorneys, agents and assigns, generally release and discharge the Company and its former and present parents, subsidiaries and affiliated corporations and entities, and all of its current and former officers, directors, agents, successors and assigns from all claims of any nature arising out of their employment with the Company and (if applicable) the termination of such employment. The claims released under this Paragraph ("Released Claims") shall include, but are not necessarily limited to, all claims under federal, state or local law for unpaid wages, unpaid overtime wages, failure to timely pay all earned wages, failure to provide meal and rest periods and failure to pay all wages owed upon termination, existing as of the date named Plaintiffs sign this Agreement, as well as any and all damages, back-pay, liquidated damages, restitution, penalties, interest or attorneys' fees and costs resulting therefrom.

5.2 Wage-Hour Release for Opt-in Plaintiffs. Opt-in Plaintiffs, on behalf of themselves, their heirs, , executors, administrators, attorneys, agents and assigns, release and discharge the Company and its former and present parents, subsidiaries and affiliated corporations and entities, and all of its current and former officers, directors, members, agents, successors and assigns ("Released Parties"), from all claims under federal, state or local law for unpaid wages, unpaid overtime wages, failure to timely pay all earned wages, failure to provide meal and rest periods and failure to pay all wages owed upon termination, existing as of the date named Plaintiffs sign this Agreement, as well as any and all damages, back-pay, liquidated damages, restitution, penalties, interest or attorneys' fees and costs resulting therefrom. The release form is **Exhibit B.**

5.3 Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law that they know or believe to be true with respect to the claims released in this Agreement and agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery of them.

5.4 This Release is not intended to bar any claims that, by law, may not be waived, such as claims for workers' compensation benefits, and unemployment

insurance benefits. This Release does not prevent Plaintiffs from contacting, providing information to, or filing a charge with any federal, state or local government agency or commission, including but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Securities and Exchange Commission ("SEC"), or the National Labor Relations Board ("NLRB"). Plaintiffs are prevented, however, to the maximum extent permitted by law, from obtaining any monetary or other personal relief for any of the claims Plaintiffs have released in this Paragraph 5 and its subparts with regard to any charge or claim Plaintiffs may file or which may be filed or otherwise brought on Plaintiffs' behalf. Nothing in this Agreement is intended to or shall be interpreted: (i) to restrict or otherwise interfere with Plaintiffs' obligation to testify truthfully in any forum; or (ii) to restrict or otherwise interfere with Plaintiffs' right and/or obligation to contact, cooperate with, provide information to, or participate in any investigation conducted by, any government agency or commission (including but not limited to the EEOC, SEC or NLRB).

6. No Admissions. By entering into this Agreement, the Company makes no admission that it has engaged, or is now engaging, in any unlawful conduct. The Parties understand and acknowledge that this Agreement is not an admission of liability and shall not be used or construed as such in any legal or administrative proceeding.

7. Successors and Assigns. This Agreement is binding on Plaintiffs' heirs, family members, executors, agents and assigns.

8. Counterparts. This Agreement may be signed in counterparts and shall be treated as though signed as one document.

9. Entire Agreement; Modification. This Agreement is intended to be the entire agreement between the Parties. This Agreement may be amended only by a written instrument executed by all Parties.

10. Attorneys' Fees and Costs. Except as provided for herein, the Parties agree that each party shall pay for its own attorneys' fees and expenses related to all claims and issues in the Lawsuits. In the event of any dispute, controversy, claim, or action arising out of or related to this Agreement, the prevailing Party shall be entitled to recover their reasonable attorneys' fees and costs incurred in connection with the dispute, controversy, claim, or action.

THE PARTIES TO THIS AGREEMENT HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND EACH AND EVERY PROVISION CONTAINED HEREIN. WHEREFORE, THE PARTIES HAVE EXECUTED THIS AGREEMENT ON THE DATES SHOWN BELOW.

*[Signatures on next page]*

Sensitivity: Confidential

Lead Plaintiffs

Dated: Jun 26, 2023, 2023 By: Susan Hart (Jun 26, 2023 08:11 EDT)
Susan Hart

Dated: ________________, 2023 By: ________________________________
Brian Russo

Dated: ________________, 2023 By: ________________________________
Candace Erford

Dated: ________________, 2023 By: ________________________________
Timothy Schwarzmann

Dated: ________________, 2023 By: ________________________________
Ryan Zambito

Government Employees Insurance Company

Dated: ________________, 2023 By: ________________________________
Jonathan Shafner, Esq.

Lead Plaintiffs

Dated: _______________, 2023    By: ______________________________
Susan Hart

Dated: Jun 27, 2023, 2023    By: ______________________________
Brian russo (Jun 27, 2023 22:24 EDT)
Brian Russo

Dated: _______________, 2023    By: ______________________________
Candace Erford

Dated: _______________, 2023    By: ______________________________
Timothy Schwarzmann

Dated: _______________, 2023    By: ______________________________
Ryan Zambito

Government Employees Insurance Company

Dated: _______________, 2023    By: ______________________________
Jonathan Shafner, Esq.

Sensitivity: Confidential

Lead Plaintiffs

Dated: ________________, 2023 By: ________________________________
Susan Hart

Dated: ________________, 2023 By: ________________________________
Brian Russo

Dated: Jun 24, 2023, 2023 By: Candace Erford
Candace Erford

Dated: ________________, 2023 By: ________________________________
Timothy Schwarzmann

Dated: ________________, 2023 By: ________________________________
Ryan Zambito

Government Employees Insurance Company

Dated: ________________, 2023 By: ________________________________
Jonathan Shafner, Esq.

Sensitivity: Confidential

Lead Plaintiffs

Dated: ________________, 2023 By: ________________________________
Susan Hart

Dated: ________________, 2023 By: ________________________________
Brian Russo

Dated: ________________, 2023 By: ________________________________
Candace Erford

Dated: Jun 25, 2023, 2023 By: Timothy Schwarzmann
Timothy Schwarzmann (Jun 25, 2023 12:59 EDT)
Timothy Schwarzmann

Dated: ________________, 2023 By: ________________________________
Ryan Zambito

Government Employees Insurance Company

Dated: ________________, 2023 By: ________________________________
Jonathan Shafner, Esq.

Sensitivity: Confidential

Lead Plaintiffs

Dated: ________________, 2023 By: ________________________________
Susan Hart

Dated: ________________, 2023 By: ________________________________
Brian Russo

Dated: ________________, 2023 By: ________________________________
Candace Erford

Dated: ________________, 2023 By: ________________________________
Timothy Schwarzmann

Dated: Jun 23, 2023, 2023 By: [signature] Ryan Zambito (Jun 23, 2023 15:20 PDT)
Ryan Zambito

Government Employees Insurance Company

Dated: ________________, 2023 By: ________________________________
Jonathan Shafner, Esq.

Lead Plaintiffs

Dated: ______________, 2023 By: ______________________________
Susan Hart

Dated: ______________, 2023 By: ______________________________
Brian Russo

Dated: ______________, 2023 By: ______________________________
Candace Erford

Dated: ______________, 2023 By: ______________________________
Timothy Schwarzmann

Dated: ______________, 2023 By: ______________________________
Ryan Zambito

Government Employees Insurance Company

Dated: ______________, 2023 By: ______________________________
~~Jonathan Shafner~~, Esq.
SETH M INGALL, ESQ

**EXHIBIT A**

| Hart v. GEICO (PA Matter) | Wage Portion - Subject to Tax Deductions | Non-Wage Portion Without Tax Deductions | Total Gross |
|---|---|---|---|
| Susan Hart | $12,500.00 | $12,500.00 | $25,000.00 |
| Terry Lowery | $1,687.50 | $1,687.50 | $3,375.00 |
| William Simanovich | $3,750.00 | $3,750.00 | $7,500.00 |
| Todd Bridges | $1,250.00 | $1,250.00 | $2,500.00 |
| Cynthia Keleher | $3,750.00 | $3,750.00 | $7,500.00 |
| Adam Hart | $7,500.00 | $7,500.00 | $15,000.00 |
| Eamon Coleman | $3,000.00 | $3,000.00 | $6,000.00 |
| Edward J. Regester | $3,562.50 | $3,562.50 | $7,125.00 |
| Michael S. Wasylyk | $750.00 | $750.00 | $1,500.00 |
| Joshua VanCise | $1,250.00 | $1,250.00 | $2,500.00 |
| Madea Roney | $4,000.00 | $4,000.00 | $8,000.00 |
| Ashley Russell | $1,750.00 | $1,750.00 | $3,500.00 |
| Anthony Ponick | $2,000.00 | $2,000.00 | $4,000.00 |
| Ray Holmes | $1,750.00 | $1,750.00 | $3,500.00 |
| Michael William Lare, Jr. | $4,000.00 | $4,000.00 | $8,000.00 |
| Brayan Osorio (PA Claim) | $1,500.00 | $1,500.00 | $3,000.00 |
| Michael Murphy | $5,500.00 | $5,500.00 | $11,000.00 |
| Frank Thai | $3,750.00 | $3,750.00 | $7,500.00 |

| Andrew Fitzgerald | $4,250.00 | $4,250.00 | $8,500.00 |
|---|---|---|---|
| **Russo v. GEICO (NJ Matter)** | **Wage Portion - Subject to Tax** | **Non-Wage Portion Without Tax Deductions** | **Total Gross** |
| Brian Russo | $4,000.00 | $4,000.00 | $8,000.00 |
| Michael Lawrence | $2,500.00 | $2,500.00 | $5,000.00 |
| Jarvis Smith | $1,750.00 | $1,750.00 | $3,500.00 |
| Pablito Sayaman | $4,750.00 | $4,750.00 | $9,500.00 |
| James Carducci | $500.00 | $500.00 | $1,000.00 |
| **Erford v. GEICO (NC Matter)** | **Wage Portion - Subject to Tax** | **Non-Wage Portion Without Tax Deductions** | **Total Gross** |
| Candace Erford | $5,500.00 | $5,500.00 | $11,000.00 |
| Colleen Szwaba | $5,000.00 | $5,000.00 | $10,000.00 |
| Jonathan Seaman | $4,500.00 | $4,500.00 | $9,000.00 |
| Alexis Adair | $1,000.00 | $1,000.00 | $2,000.00 |
| William Robert Lucas, III | $1,000.00 | $1,000.00 | $2,000.00 |
| Matthew Steven Jansohn | $1,750.00 | $1,750.00 | $3,500.00 |
| **Schwarzmannv. GEICO (OH Matter)** | **Wage Portion - Subject to Tax** | **Non-Wage Portion Without Tax Deductions** | **Total Gross** |
| Timothy Schwarzmann | $7,500.00 | $7,500.00 | $15,000.00 |
| Nathan Harvey | $2,250.00 | $2,250.00 | $4,500.00 |
| Michael Bick | $750.00 | $750.00 | $1,500.00 |
| Holly Draper | $2,250.00 | $2,250.00 | $4,500.00 |
| Michael Jay Koop, Jr. | $3,500.00 | $3,500.00 | $7,000.00 |
| Douglas Crane | $3,250.00 | $3,250.00 | $6,500.00 |

| Gregory Richard | $4,500.00 | $4,500.00 | $9,000.00 |
|---|---|---|---|
| **Zambito v. GEICO (FL Matter)** | **Wage Portion - Subject to Tax** | **Portion Without Tax Deductions** | **Total Gross** |
| Ryan Zambito | $15,000.00 | $15,000.00 | $30,000.00 |
| Robert McDaniel | $3,000.00 | $3,000.00 | $6,000.00 |
| Geovanni Granda | $2,625.00 | $2,625.00 | $5,250.00 |
| Joseph Patrick Freeman | $500.00 | $500.00 | $1,000.00 |
| Richard Ortiz | $1,250.00 | $1,250.00 | $2,500.00 |
| Claudie Williams | $2,250.00 | $2,250.00 | $4,500.00 |
| Gilberto Rosario | $750.00 | $750.00 | $1,500.00 |
| Brittney Windham | $1,250.00 | $1,250.00 | $2,500.00 |
| Scott Edward Nevin | $1,000.00 | $1,000.00 | $2,000.00 |
| Edwin Vazquez | $2,250.00 | $2,250.00 | $4,500.00 |
| Joseph Anthony | $525.00 | $525.00 | $1,050.00 |
| Brian William Charpiat, Sr | $1,875.00 | $1,875.00 | $3,750.00 |
| Helen Turner Thurman | $750.00 | $750.00 | $1,500.00 |
| James Lamar Watson, Jr | $1,500.00 | $1,500.00 | $3,000.00 |
| Juan C. Torres | $75.00 | $75.00 | $150.00 |
| Justin Lewis | $50.00 | $50.00 | $100.00 |
| Martha Ayala (Villenueva) | $1,500.00 | $1,500.00 | $3,000.00 |
| Niko Turrey | $1,750.00 | $1,750.00 | $3,500.00 |
| Patrick Robert Sullivan | $1,250.00 | $1,250.00 | $2,500.00 |

Sensitivity: Confidential

| | | | |
|---|---|---|---|
| Savanah Lynne Melton | $2,625.00 | $2,625.00 | $5,250.00 |
| Trevor Hussak | $2,250.00 | $2,250.00 | $4,500.00 |
| Carlos Carrillo | $2,250.00 | $2,250.00 | $4,500.00 |
| Leo Sylvester Kasper | $1,250.00 | $1,250.00 | $2,500.00 |
| Kristina Ochsenbein | $500.00 | $500.00 | $1,000.00 |
| Brian Fitzpatrick | $375.00 | $375.00 | $750.00 |
| William David Curran | $1,250.00 | $1,250.00 | $2,500.00 |
| McCampbell (Previously DeVarona) | $1,000.00 | $1,000.00 | $2,000.00 |
| Yaniece Deerika Liston | $500.00 | $500.00 | $1,000.00 |
| Justin Michael Burkman | $1,250.00 | $1,250.00 | $2,500.00 |
| Valeria Del Rosario Salvo (Vargas) | $2,875.00 | $2,875.00 | $5,750.00 |
| Eladio A Hernandez, Jr | $375.00 | $375.00 | $750.00 |
| Joshua Hiebert | $1,500.00 | $1,500.00 | $3,000.00 |
| Dylan Daniel Ellsworth Lowther | $2,500.00 | $2,500.00 | $5,000.00 |
| Stewart McVay Dawson | $375.00 | $375.00 | $750.00 |
| Christalyn Addison | $1,125.00 | $1,125.00 | $2,250.00 |
| Erik Ortiz | $500.00 | $500.00 | $1,000.00 |
| Jeffrey Randolph Garcia | $1,500.00 | $1,500.00 | $3,000.00 |
| Darren John Duryea | $2,750.00 | $2,750.00 | $5,500.00 |
| Enrique D Barrio | $500.00 | $500.00 | $1,000.00 |
| Joshua Matthew Richardson | $1,500.00 | $1,500.00 | $3,000.00 |

Sensitivity: Confidential

| | | | |
|---|---|---|---|
| Karl John Sink | $3,500.00 | $3,500.00 | $7,000.00 |
| Kendra Moreau | $1,250.00 | $1,250.00 | $2,500.00 |
| David Patrick | $2,750.00 | $2,750.00 | $5,500.00 |
| Adam Shipton | $375.00 | $375.00 | $750.00 |
| Daniel Campbell | $225.00 | $225.00 | $450.00 |
| Harold Delcham | $1,000.00 | $1,000.00 | $2,000.00 |
| Amanda Worrell | $1,000.00 | $1,000.00 | $2,000.00 |
| Melissa Thrasher | $3,750.00 | $3,750.00 | $7,500.00 |
| Donald Vaughan | $2,750.00 | $2,750.00 | $5,500.00 |
| Samuel French | $3,750.00 | $3,750.00 | $7,500.00 |
| Rusty Owen | $2,750.00 | $2,750.00 | $5,500.00 |
| Bruce Fenton | $500.00 | $500.00 | $1,000.00 |
| Dennis Tamisin | $2,500.00 | $2,500.00 | $5,000.00 |
| Bayan Osorio (Florida Claim) | $3,500.00 | $3,500.00 | $7,000.00 |

Exhibit B

**OPT-IN PLAINTIFFS' RELEASE**

To:________________________

Settlement Share ___________

Your share of the overall settlement in the cases listed below is listed above. Half of this amount is subject is subject to normal payroll deductions. The other half will be paid without deductions. To receive this payment, you must sign the following agreement.

Cases covered

*Hart v. Government Employees Insurance Company*, United States District Court for the Middle District of Pennsylvania, Civil No. 4:21-cv-00859-MWB.

*Russo v. Government Employees Insurance Company*, United States District Court for the District of New Jersey, Civil No. 2:21-cv-17234-MEF-JBC.

*Erford v. Government Employees Insurance Company*, United States District Court for the Eastern District of North Carolina, Civil No. 5:21-cv-00314-M.

*Schwartzmann v. Government Employees Insurance Company*, United States District Court for the Eastern District of Ohio, Civil No. 1:21-cv-02270-PAB.

*Zambito v. Government Employees Insurance Company*, United States District Court for the Middle District of Florida, Civil No. 8:21-cv-02223-MSS-SPF.

1. Release.

1.1 On behalf of myself, and my heirs, executors, administrators, attorneys, agents and assigns, release and discharge Government Employees Insurance Company (GEICO) and its former and present parents, subsidiaries and affiliated corporations and entities, and all of its current and former officers, directors, members, agents, successors and assigns ("Released Parties"), from all claims under federal, state or local law for unpaid wages, unpaid overtime wages, failure to timely pay all earned wages, failure to provide meal and rest periods and failure to pay all wages owed upon termination, existing as of the date named I sign this Agreement, as well as any and all damages, back-pay, liquidated damages, restitution, penalties, interest or attorneys' fees and costs resulting therefrom ("Released Claims").

1.2 I acknowledge that I may discover facts or law different from, or in addition to, the facts or law that I know or believe to be true with respect to the claims

released in this Agreement and agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery of them.

1.3 This Release is not intended to bar any claims that, by law, may not be waived, such as claims for workers' compensation benefits, and unemployment insurance benefits. This Release does not prevent me from contacting, providing information to, or filing a charge with any federal, state or local government agency or commission, including but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Securities and Exchange Commission ("SEC"), or the National Labor Relations Board ("NLRB"). I am prevented, however, to the maximum extent permitted by law, from obtaining any monetary or other personal relief for any of the claims I have released with regard to any charge or claim I may file or which may be filed or otherwise brought on my behalf. Nothing in this Agreement is intended to or shall be interpreted: (i) to restrict or otherwise interfere with my obligation to testify truthfully in any forum; or (ii) to restrict or otherwise interfere with my right and/or obligation to contact, cooperate with, provide information to, or participate in any investigation conducted by, any government agency or commission (including but not limited to the EEOC, SEC or NLRB).

2. Warranty. Other than the Lawsuits listed above, I have contacted no governmental agency for the purpose of initiating a claim against the Released Parties based on the Released Claims or reporting potential legal violations by the Released Parties based on the Released Claims. I also agree not initiate, join, or continue any lawsuit, administrative charges or complaints, arbitrations, or proceedings against the Released Parties based on the Released Claims. If I am made a member or representatives of a class in any proceeding against the Released Parties based on the Released Claims, I agree to opt out of the class immediately.

3. Indemnification by Plaintiffs and No Representation Regarding Tax Issues. I agree to fully indemnify and hold the GEICO harmless from payment of any and all taxes, interest or penalties that may be required of me by any government agency at any time as a result of any payments under this Agreement. I acknowledge and agree that I have not received tax advice from GEICO or its counsel regarding the Settlement Amount. I agree to seek tax advice to the extent I so desire. I further acknowledge that neither GEICO nor its attorneys have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid pursuant to this Agreement.

I HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND EACH AND EVERY PROVISION CONTAINED HEREIN. WHEREFORE, I HAVE EXECUTED THIS AGREEMENT ON THE DATE SHOWN BELOW.

[signatures and dates for Docusign]